IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RODORA JANE GAPUD,<br><br>   Plaintiff,<br><br>v.<br><br>PRUITT HEALTH THERAPY SERVICES, INC., AND CANTON CONVALESCENT CENTER, INC. D/B/A CANTON NURSING CENTER<br><br>   Defendants. | Civil Action No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW, Rodora Jane Gapud ("Plaintiff" or "Ms. Gapud"), by and through undersigned counsel, and files this Complaint for Damages against Pruitt Health Therapy Services, Inc. ("Pruitt Health") and Canton Convalescent Center, Inc. d/b/a/ Canton Nursing Center ("Canton Nursing"), (collectively, "Defendants"), showing the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendants for violations of her rights under Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, and 28 U.S.C. §§ 1343.

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII.

5.

Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Pruitt Health on October 15, 2021; the EEOC issued its Notice of Right to Sue on June 30, 2022.

6.

Plaintiff filed her Charge of Discrimination with the EEOC against Canton Nursing on December 23, 2021; the EEOC issued its Notice of Right to Sue on May 17, 2022.

7.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

8.

Plaintiff is a Female citizen of the United States of America and is subject to the jurisdiction of this Court.

9.

At all times relevant, Defendants were qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

10.

During all times relevant hereto, Defendants have employed fifteen (15) or more employees for the requisite duration under Title VII. Defendants are therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

11.

Defendant Pruitt Health may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092, USA.

12.

Defendant Canton Nursing may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Scott Shaw, located at 321 Hospital Road, Canton, GA, 30114, USA.

## FACTUAL ALLEGATIONS

13.

Ms. Gapud began working for Pruitt Health on or about April 5, 2015, as a Therapy Outcomes Coordinator.

14.

Pruitt Health was hired by Canton Nursing.

15.

Ms. Gapud began employment with Canton Nursing on January 1, 2018, as a Therapy Outcomes Coordinator overseeing the rehabilitation department and managing other therapists.

16.

On or around September 7, 2021, two therapists complained to Ms. Gapud separately that their co-worker, James Irwin, had been sexually harassing them.

17.

Ms. Gapud reported the harassment to her manager at Pruitt Health, Louanne Cutler.

18.

Pruitt Health investigated the allegations and moved Irwin to another facility.

19.

On or around September 16, 2021, Ms. Gapud was informed that Canton Nursing did not want her to return to the facility.

20.

Canton Nursing's owner, Scott Shaw, is friends with Irwin.

21.

Canton Nursing refused to allow Ms. Gapud to return to the facility because she reported Irwin.

22.

On or around September 17, 2021, Defendants terminated Ms. Gapud.

23.

Pruitt Health offered to transfer Ms. Gapud to a new location.

24.

The locations were all an hour or more away so Ms. Gapud could not accept a transfer and had to seek new employment.

25.

Canton Nursing then returned Irwin to work at their facility.

26.

Although Defendants purport to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text. Plaintiff was treated less favorably in the terms or conditions of employment than others outside of her protected class, i.e., female engaged in prior protected activity.

## CLAIMS FOR RELIEF

## COUNT I:  GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

27.

Plaintiff re-alleges paragraphs 13-26 as if set forth fully herein.

28.

Defendants' actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

29.

Defendants willfully and wantonly disregarded Plaintiff's rights, and their discrimination against Plaintiff was undertaken in bad faith.

30.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her gender.

31.

As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her economic, psychological, and physical well-being.

32.

Accordingly, Defendants are liable for the damages Plaintiff has sustained as a result of their unlawful discrimination.

## COUNT II:  RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

33.

Plaintiff re-alleges paragraphs 13-26 as if set forth fully herein.

34.

Defendants' actions, as detailed above, in terminating Plaintiff because of her protected activity constitutes unlawful intentional retaliation in violation of Title VII.

35.

Defendants willfully and wantonly disregarded Plaintiff's rights, and Defendants' retaliation against Plaintiff was undertaken in bad faith.

36.

Accordingly, Defendants are liable for the damages Plaintiff has sustained as a result of Defendants' unlawful retaliation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Reasonable attorney's fees and expenses of litigation;

(d) Trial by jury as to all issues;

(e) Prejudgment interest at the rate allowed by law;

(f) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(g) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(h) All other relief to which she may be entitled.

Respectfully submitted the 1st day of August 2022.

**BARRETT & FARAHANY**

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
ianna@justiceatwork.com

s/ *Ianna O. Richardson*
Ianna O. Richardson
Georgia Bar No. 655153
*Attorney for Rodora J. Gapud*